IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL D. GREEN, )
                                                            )
    Plaintiff, )
v. )   Civil Action No. 3:21CV463–HEH
                                                            )
N.C.C. MEDICAL DIRECTOR, *et al.*, )
    Defendants. )

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice)

By Memorandum Order entered on July 29, 2021, the Court conditionally docketed Plaintiff's action. At that time, the Court directed Plaintiff to complete an affidavit in support of his request to proceed *in forma pauperis*. The pertinent statute provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Accordingly, the *in forma pauperis* affidavit required Plaintiff to list all of his "prior cases that were dismissed as frivolous, malicious, or failed to state a claim upon which relief could be granted, *i.e.*, pursuant to Fed. R. Civ. P. 12(b)(6)." (ECF No. 13, at 2 (punctuation corrected).) Plaintiff responded that he did not have any such cases. (*Id.*) Such response was false. In May and June of 2021, Plaintiff had three cases that were dismissed as frivolous and/or for failing to state a claim. *See Green v. Towery*, Nos. 7:21–CV–00341, 7:21–CV–00342, 2021 WL 2292806, at *1 (W.D. Va.

June 4, 2021); *Green v. Salmon*, No. 7:21–CV–00171, 2021 WL 2284662, at *2 (W.D. Va. May 27, 2021).

Providing false information to the court is, in-and-of itself, a valid ground for dismissing a complaint. *See Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 226 (11th Cir. 2011) (concluding prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his *pro se* § 1983 action); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation and holding that "the district court was correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.") Accordingly, the action will be dismissed without prejudice.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Sept. 1, 2021
Richmond, Virginia